UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE H. SMITH,

    Plaintiff,

v.

CHASE MANHATTAN MORTGAGE CORP,
FIRST PRIORITY FINANCIAL, INC., and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Defendants.
_____/

CIVIL ACTION NO. 08-14308

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be GRANTED, and the instant complaint seeking to set aside a home foreclosure DISMISSED, pursuant to the Rooker-Feldman doctrine and res judicata.

\* \* \*

This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiff, proceeding pro se, filed a Complaint on October 9, 2008, seeking to set aside a bank foreclosure of his single family residence in Southfield, Michigan. On November 18, 2003, Plaintiff and his then wife borrowed three hundred and six thousand dollars ($306,000.00) from and gave a mortgage on their home to Aegis Funding Corporation. The mortgage identified Defendant Mortgage Electronic Registration Systems, Inc., ("MERS") as mortgagee, in a nominee capacity for Aegis Funding Corp. The mortgage loan was serviced by Defendant Chase Manhattan Mortgage Corporation

("Chase") and, after the loan went into default, Chase commenced foreclosure proceedings in the name of MERS.

On October 12, 2004, Plaintiff's mortgage was sold at a foreclosure sale conducted by the Oakland County Sheriff's Department. A sheriff's deed was issued to MERS and duly recorded. Following the expiration of Plaintiff's statutory six month mortgage redemption period, an action seeking possession of the property was initiated in state court.

On August 5, 2005, Plaintiff filed an action in the Oakland County Circuit Court (Case Number 05-068280-CH) against the above named defendants seeking to set aside the foreclosure sale and restore title to him (See Exhibit A, attached to Defendants' Motion for Summary Judgment). On April 5, 2006, the parties entered into a written agreement settling their dispute. Chase and MERS agreed to pay Plaintiff four thousand dollars ($4,000.00) in exchange for his agreement to vacate the property on or before June 15, 2006, and dismiss the pending Oakland County Circuit Court action. Pursuant to the Agreement, Plaintiff expressly released Chase and MERS from "any and all liability arising from or related to claims or which involve issues similar to or are the same as alleged in said litigation." (See Exhibit B, Settlement Agreement)

On May 6, 2006, the Oakland County Circuit Court entered a stipulated order dismissing the action with prejudice (See Exhibit C). Chase tendered to Plaintiff the agreed upon consideration of four thousand dollars ($4,000.00), as was required under the parties Agreement (Exhibit D). Plaintiff, however, changed his mind, never vacated the property, and instead sought to have the Settlement Agreement set aside and the Circuit Court case reinstated. His efforts at doing so were denied by the Circuit Court (Exhibit E), and his appeal of that court's order was dismissed by the Michigan Court of Appeals in February

2007 (Exhibit F). Plaintiff then filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was denied by that court in December 2007 (Exhibit G)

Plaintiff then filed his Complaint in this case, alleging that Defendants violated the federal Truth in Lending Act ("TILA") and Real Estate Settlement and Procedures Act ("RESPA") in connection with the original mortgage. Plaintiff also asserted pendent state law claims for common law fraud and breach of contract. He seeks to set aside the foreclosure.

Defendants filed a Motion for Summary Judgment on January 29, 2009, requesting that the instant Complaint be dismissed pursuant to the doctrine of res judicata. Plaintiff filed a response to Defendants' Motion for Summary Judgment on February 6, 2009, asserting that collateral estoppel does not bar the present federal litigation because the issues "are not identical to his complaint in the Sixth Circuit Court." (Response at page 4).

ANALYSIS AND DISCUSSION

In view of the extensive state court proceedings, I am persuaded that Plaintiff's case must be dismissed. Fed.R.Civ.P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Furthermore:

> [t]he United States Supreme Court has held that if a state court, acting judicially, has decided a matter, a federal court is barred as a matter of jurisdiction from reviewing what the state court has done. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed. 2nd 206 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

>       unconstitutional.  Review of those decisions may only be had
>       in this Court.")

Gabhart v. Cocke County, Tennessee, 155 Fed.Appx. 867 (6th Cir. 2005), 2005 WL 3196601 (quoting Feldman, 460 U.S. at 486).  The Rooker-Feldman abstention doctrine "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in a state court; only the United States Supreme Court has jurisdiction to correct state court judgments.  Anderson v. Charter Township of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001) (citing Gottried v. Med. Planning Servs., 142 F.3d 326, 330 (6th Cir. 1998).

A state court has dismissed with prejudice Plaintiff's earlier suit against these Defendants relating to the mortgage in issue here.  An Order of this court inconsistent with that disposition necessarily implies that the state court was wrong.  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  Pennzoil Co. v. Texeco, Inc., 481 U.S. 1, 25 (1987) (Marshal, J. concurring).

Even if Plaintiff's claims against Defendants were not withdrawn from this court's jurisdiction by the Rooker-Feldman Doctrine, they would be precluded by long established concepts of res judicata.  A district court is empowered to raise res judicata sua sponte in the interest of promoting judicial economy.  Halloway Construction Co. v. U.S. Department of Labor, 891 F.2d 1211 (6th Cir. 1990) (citing United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980).

28 U.S.C. §1738 provides that the judicial proceedings of any state, territory or possession of the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state, territory or possession from which they are taken." The Supreme Court of the United States has held that the statute obliges federal courts to give the same preclusive effect to a state court judgment as would the courts of the state rendering the judgment. McDonald v. City of West Branch, Michigan, 466 U.S. 284 (1984). Thus, if an individual would be precluded from litigating an action in state court by traditional principles of res judicata, he is similarly precluded from litigating his suit in federal court. Gutierrez v. Lynch, 286 F.2d 1534 (6th Cir. 1987). It is well established that §1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985). Thus, if a state court precludes an action, then a federal court must also preclude it, unless Congress has created or intended to create an exception. Id.

The Michigan Supreme Court has adopted a "broad application" of the res judicata doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiffs could have brought but did not. Schwartz v. Flint, 187 Mich.App. 191, 194 (1991). "To constitute a bar, there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981) (citations omitted). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." Eaton County Road Commission v. Schultz, 205 Mich.App. 371, 375 (1994). "This doctrine requires that (1) the

**5**

first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." Id. at 376.  I am satisfied that each of the elements is fully satisfied in this case as to Plaintiff's claims against Defendants.

It is readily apparent that Plaintiff's state court proceedings against Defendants and his claims in this action arise from the very same mortgage transaction.  Plaintiff's TILA, RESPA, fraud and breach of contract claims are based upon statutory and common law obligations imposed in connection with the negotiation and execution of such financial transactions. Thus, any claim relating to the Plaintiff's grant of a mortgage on his real estate to MERS, as nominee for Aegis Funding Corporation, was necessarily ripe for adjudication at the time of the foreclosure of the mortgage obligations in 2004, and certainly at the time he prosecuted his 2005 state court action.

Plaintiff could (and should) have raised his current FILA, RESPA and state law claims in his initial state court action.  In view of the contractual privity between the defendants in connection with his mortgage, they are entitled to the benefit of claim preclusion. Futura Devel. Corp. v. Centex Corp., 761 F.2d 33, 44 (1st Cir.), cert. denied 106 S.Ct. 147 (1985) (claim preclusion not defeated by adding as a defendant a corporation affiliated with the defendant in an earlier action.  Plaintiff cannot have it both ways, i.e. claim liability on the basis of defendants' relationship, while denying that they have sufficient identity of interest to benefit from the earlier judgment.)  The judicial disposition of his claim against the defendants on his voluntary notice of dismissal with prejudice constituted a final judgment on the merits for purposes of later invoking the doctrine of res judicata.  Chakan v. City of Detroit, 998 F.Supp. 779 (E.D. Mich. 1998); ABB Paint Finishing v. Nat'l Fire Ins.,

223 Mich.App. 559 (1997).  I am satisfied that Plaintiff's failure to assert his Truth in Lending Act, RESPA and pendent state law claims against the defendants in his 2005 action in the Oakland Circuit Court would preclude their assertion in a subsequent state court action.  Accordingly, 28 U.S.C. §1738 requires this court to give the same preclusive effect to the Oakland Circuit Court judgment.  The Complaint should be dismissed as to all Defendants.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Edmunds' acceptance thereof is waived.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: April 29, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 29, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 29, 2009: **Willie Smith.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217